Judge: Timothy W. Dore
Chapter: 13
Hearing Date: July 15, 2022
Hearing Time: 9:30 a.m.
Hearing Location:
    U.S. Bankruptcy Court
    700 Stewart St #8106
    Seattle, WA 98101
Response Date: July 14, 2022 at 3:00 pm

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>JOAN RAIDER RAWLINGS,<br><br>                             Debtor. | IN CHAPTER 13 PROCEEDING<br>No. 22-10025-TWD<br><br>RESPONSE TO MOTION TO<br>APPROVE REVERSE MORTGAGE |

      Jason Wilson-Aguilar, Chapter 13 Trustee, responds to the debtor's Motion to Approve Reverse Mortgage (ECF No. 46):

      The debtor wants to refinance her current mortgage by obtaining a reserve mortgage on her real property at 4534 Northeast 204th Place, Lake Forest Park, Washington. The Trustee has these concerns:

      1)     The debtor filed a notice of the hearing (ECF No. 54) and then filed two amended notices (ECF Nos. 56 and 58), apparently because the response date was wrong in the first two notices. The response date in the body of the first two notices was June 14, 2022 rather than July 14, 2022. There is no indication on the docket that the debtor served the second amended notice with the correct response date (ECF No. 58), as the declaration of service filed on July 11, 2022 (ECF No. 59) indicates that the first amended notice (ECF No. 56) was served.

      The debtor's motion is already being heard on very shortened time (ECF No. 49), so it seems critical that parties are at least apprised of the correct response date. Moreover, the Court ordered that the debtor had to provide notice by July 11, 2022 (ECF No. 49; ¶ 4.). In any proceeding which is to be accorded finality, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

RESPONSE TO MOTION TO APPROVE
REVERSE MORTGAGE - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 22-10025-TWD    Doc 62    Filed 07/12/22    Ent. 07/12/22 16:45:36    Pg. 1 of 2

them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co. et al.,* 339 U.S. 306, 314 (1950). The Trustee questions whether the debtor has met her burden.

2) Section X.2. of the debtor's confirmed plan provides that the debtor intends to refinance her mortgage by July 31, 2022 "to pay the balance to creditors in this plan" (ECF No. 37). Like creditors, the debtor is bound by that plan provision. 11 U.S.C. § 1327(a). Under the terms of her plan, the debtor must pay allowed unsecured claims in full (ECF No. 37; §§ IV.E. and IX.).

The debtor's proposed order (ECF No. 46-3) does not provide for any funds to be paid to the Trustee to pay creditors pursuant to the debtor's plan. The debtor seemingly acknowledges this by indicating that "there are no funds for any creditors as a result of this transaction" (ECF No. 46; Page 2; Lines 4 - 5). Moreover, it is not readily apparent that the amount the debtor wants to borrow will pay off even her mortgage. The agreed payoff amount is apparently $626,412.59,[1] but the initial draw on the reverse mortgage is apparently $538,814.52 (ECF No. 46-1). While the debtor may intend to move to modify her plan,[2] the debtor's motion is not consistent with the confirmed plan by which she is bound.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny the debtor's Motion to Approve Reverse Mortgage (ECF No. 46).

Dated this 12th day of July 2022

*/s/ Jason Wilson-Aguilar*, WSBA #33582
JASON WILSON-AGUILAR
Chapter 13 Trustee

---

[1] The debtor's proposed settlement "will resolve the claim of U.S. Bank (Claim# 3) for the reduced payoff of $45,000.00 in the amount of $626,412.59" (ECF No. 50; Page 2; Lines 16 - 17).

[2] "[T]he debtor intends to file an amended Chapter 13 plan to pay the mortgage creditors [sic]" (ECF No. 46; Page 2; Lines 5 – 6).

RESPONSE TO MOTION TO APPROVE
REVERSE MORTGAGE - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 22-10025-TWD    Doc 62    Filed 07/12/22    Ent. 07/12/22 16:45:36    Pg. 2 of 2